IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        3:01cr82/LAC
                                                             3:05cv100/LAC/MD

DANIEL JUAREZ

**REPORT AND RECOMMENDATION**

      This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 153).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the opinion of the undersigned that the instant motion should be summarily dismissed.

      Defendant was convicted after a jury trial of conspiracy to distribute 500 grams or more of cocaine, 50 grams or more of cocaine base, and marijuana.  He was sentenced to a term of 328 months imprisonment and ten years supervised release.  His conviction and sentence were affirmed on January 7, 2004.  In the instant motion, which was timely filed,[1] defendant raises a single ground for relief.  He contends, relying on *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that counsel was ineffective for his failure to "properly" object to and appeal the type and quantity of drugs

---

[1] It was filed within one year and ninety days from the date in which the court of appeals' decision became final.  See *Kaufman v. United States,* 282 F.3d 1336, 1338 (11th Cir. 2002).

that was attributed to movant for sentencing purposes. He contends that appellate counsel's failure to pursue this issue on appeal resulted in prejudice to him, because the petitioner in *Blakely* prevailed on his *Apprendi*[2] type argument.

In *Apprendi v. New Jersey*,[3] the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."). Since *Apprendi* was decided, the Supreme Court has decided two cases that relate to federal sentencing, *Blakely v. Washington*,[4] the case relied upon by the defendant, and *United States v. Booker*,[5] decided just two months before the defendant submitted the instant motion.

> As clarified in *Blakely*:
>
> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).

---

[2]*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[3]*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[4]*Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[5]*United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005).

In *United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005), the Supreme Court extended its holding in *Blakely* to the Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  This does not mean, however, that *Booker* can be applied to cases in which the conviction is final, a fact which is crucial to the court's consideration of the instant motion.  Although defendant argues that *Apprendi* and *Blakely* should be applied retroactively to his motion, both language within *Booker*, discussed *infra*, and Supreme Court precedent indicate that neither *Booker* nor *Blakely* is retroactively applicable on collateral review.

In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) the Supreme Court held that the Sixth Amendment's guarantee of the right to a jury trial applied to the states.  In *DeStephano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968) the Court held that *Duncan* would not be given retroactive application - that it applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack.  The Court reasoned that the right to a jury trial was fundamental to our system of justice, but that a trial without a jury would not necessarily result in an inaccurate verdict.  Therefore, it would not be necessary to grant a new trial to every person convicted without a jury.

In *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) the Supreme Court held that only a jury, not a judge, could make findings on the aggravating factors necessary to invoke the death penalty.  In *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) the Court held that *Ring* applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack.  The Court reasoned that the rule announced in *Ring* was a procedural rule, not a substantive one, because it did not define an element of a crime.  Rather, it determined the manner in which fact finding is done.  The *Schriro* Court relied on *DeStephano*, *supra*, noting that "[i]f . . . a trial held entirely without a jury was not impermissibly inaccurate, it is hard to see how a trial in which a judge finds only aggravating factors could be." 124 S.Ct. at 2526.

*Case No: 3:00cr44/LAC; 3:05cv15/LAC/MD*

This is instructive on the application of *Booker*. There, the Court held that *Booker* announced a new rule that would be applied retroactively to all cases pending on direct review or not yet final. __ U.S. __, 124 S.Ct. at *26. It did not announce that the new rule would apply retroactively for cases on collateral attack, such as this one. This reasoning necessarily follows from *DeStephano* and *Schriro*. If neither a trial held entirely without a jury, nor a judge finding aggravating factors necessary to trigger a death sentence, was not impermissibly inaccurate, it is hard to see how a trial in which a judge finds only aggravating factors that result in an increased sentence could be. See *Schiro,* 124 S.Ct. at 2526

Moreover, the *Booker* Court cited prior precedent with approval, stating that "[T]he constitutional safeguards that figure in our analysis concern not the identity of the elements defining criminal liability but only the required procedures for finding the facts that determine the maximum permissible punishment." *Booker,* 2005 WL 50108 at *14 (citations omitted). The significance of this is that unlike substantive rules, new rules of procedure generally are not retroactive. *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 2523, 2526, 159 L.Ed.2d 442 (2004) ("[I]t does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart."). The *Booker* Court also expressly noted that its holding was to be applied retroactively to "all cases ... pending on direct review or not yet final." *Booker* at *29. The Eleventh Circuit has concluded that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review. *Varela v. United States*, ___ F.3d ___, 2005 WL 367095 (11th Cir. 2005); see also *In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. 2005). This defendant has had his full trial and one round of appeals. Since *Booker*'s effect on sentencing guidelines cases is not retroactive on collateral review, it is not applicable to this § 2255 motion, and defendant is not entitled to relief.

To the extent that defendant attempts to circumvent the retroactivity bar through a claim of ineffective assistance of counsel, he is not entitled to relief. Ineffective assistance

of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069. Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991); *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984).

In this case, defendant cannot demonstrate ineffectiveness of counsel for failing to raise the claim ultimately successful in *Blakely*. Prior to *Blakely*, "the law of this Circuit then recognized the U.S. Code as the source of the maximum sentence. *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001). "As another Circuit has noted, 'In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum.'" *United States v. Duncan*, ___ F.3d ___, 2005 WL 428414 at *9 (11th Cir. February 24, 2005) (citations omitted). The claim counsel failed to raise was based on an area of law then still not settled by the Supreme Court, and indeed foreclosed by circuit precedent. Ineffective assistance of counsel is not shown. *See also Black v. United States*, 373 F.3d 1140, 1142-45 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 942 (2005) (counsel not ineffective for failing to

point out language in two Supreme Court cases, when reasonable counsel could have concluded the language was dicta and contrary to circuit precedent) (collecting cases). Therefore defendant is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 153) be summarily DENIED.

At Pensacola, Florida, this 31st day of March, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).